AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| ADAM CROWDER | ) Case No. 1:22-MJ-120(DJS) |
| | ) |
| Defendant. | ) |

FILED
U.S. DISTRICT COURT - N.D. OF N.Y.
MAR 17 2022
AT _____ O'CLOCK
John M. Domurad, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of March 7, 2022 in the county of Rensselaer in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 922(g)(1) | Felon in possession of ammunition |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒   Continued on the attached sheet.

_____
Complainant's signature
ATF SA Lauren Viup
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: March 17, 2022

_____
Judge's signature

City and State: Albany, New York

Hon. Daniel J. Stewart, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Lauren Viup, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been since January 2016. I am currently assigned to the New York Field Division (NYFD) and have participated in numerous investigations that fall under the investigative jurisdiction of ATF, including, but not limited to, violations involving violent crimes in aid of racketeering, including murder; racketeering conspiracy; the unlawful possession and use of firearms; and the distribution and manufacture of controlled substances.

2. I have completed the ATF Basic Agent Training. The curriculum for the course included federal law regarding violent crime and firearm-related offenses, drug-related offenses, drug identification, physical surveillance, undercover negotiations, electronic surveillance, and interviewing techniques. I also have experience in the identification and collection of firearms, explosives, ammunition, drug and non-drug evidence, and the analysis and interpretation of recorded conversations. Specifically, I have particular knowledge in the use and utility of undercover agents, confidential informants, physical surveillance, electronic surveillance, consensual recordings, investigative interviews, garbage searches, global positioning system (GPS) tracking devices, the service of grand jury subpoenas, and the execution of federal and state search and arrest warrants. I have personally conducted and/or assisted in numerous investigations of criminal acts involving violations of Title 18, United States Code, Sections 922(g)(1) (possession of a firearm/ammunition by a previously convicted felon).

3. This affidavit is intended to show merely that there is probable cause for a complaint, and consequently it does not set forth all of my knowledge about the matters under

investigation. Where statements of others are related in this affidavit, they are related in substance and in part. I have set forth only the facts that I believe are necessary to establish probable cause to believe that ADAM CROWDER (hereinafter, "CROWDER") has committed a violation of Title 18, United States Code, Sections 922(g)(1), in that CROWDER, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate and foreign commerce approximately 17 rounds of 9mm ammunition.

## BASIS FOR PROBABLE CAUSE

4. On March 7, 2022, a New York State Police Trooper conducted a traffic stop of a blue Honda Civic for a non-illuminated headlight in Stephentown, New York in the county of Rensselaer. During the stop, the trooper identified CROWDER as the operator of the vehicle. Upon further investigation, the Trooper learned that there was an active arrest warrant for CROWDER issued by the Town of Colonie Police Department. CROWDER was removed from the vehicle and placed under arrest pursuant to the active warrant. During a search incident to CROWDER's lawful arrest, the Trooper recovered approximately 17 rounds of 9mm ammunition contained in a black ammunition holster on CROWDER's person.

5. On March 17, 2022, Special Agent (SA) Jason Sherman, an Interstate Nexus Examiner, gave the verbal opinion that the 17 rounds of assorted ammunition, were manufactured outside the state of New York, thus having moved in or affected interstate commerce.

6. CROWDER knew he had a prior felony conviction punishable by imprisonment for a term exceeding one year. Specifically, on July 28, 2011, CROWDER was convicted upon a plea of guilty in Schenectady County Court of Attempted Burglary in the Second Degree in

violation of New York state Penal Law Section 140.25(2) and was sentenced to 5 years imprisonment. The defendant was admitted into the custody of the New York State Department of Corrections on November 4, 2011 and was released from custody on July 7, 2016.

7. Based on the foregoing, there is probable cause to conclude that CROWDER has violated of Title 18, United States Code, Sections 922(g)(1), in that CROWDER, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate and foreign commerce, approximately 17 rounds of 9mm ammunition.

**Attested to by the affiant.**

Lauren Viup
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on March 17, 2022 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Daniel J. Stewart
United States Magistrate Judge